## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| JOHN NUNEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-2934 |
| | § | |
| EQUIFAX INFORMATION | § | With Jury Demand Endorsed |
| SERVICES, LLC, and | § | |
| NATIONSTAR MORTGAGE, LLC, | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, John Nunez ("Plaintiff"), by and through counsel, for his Complaint against Defendants, Equifax Information Services, LLC**,** and Nationstar Mortgage, LLC, jointly, severally, and in solido, states as follows:

### I.  INTRODUCTION

1. One of the Defendants, Equifax Information Services, LLC ("Equifax") is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f), and one Defendant, Nationstar Mortgage, LLC, ("Nationstar") is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Nationstar Mortgage, LLC, is also liable for defamation. Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2. Plaintiff, John Nunez, is a natural person residing in Winnebago County, Illinois. He is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c) and a victim of repeated false credit reporting.

**Made Defendants herein are**:

3. Equifax Information Services, LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants," does business in this judicial district and is a Georgia corporation with its principal place of business in Georgia. Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4. Nationstar Mortgage, LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Texas corporation with its principal place of business in Texas located at 8950 Cypress Waters Blvd, Coppell, TX 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5. As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on

consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRA specifically includes, but is not limited to, Equifax.

### III. JURISDICTION AND VENUE

6. Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331; 15 U.S.C. § 1681(p). Further, the matter in controversy exceeds $75,000.00, exclusive of costs and interest and the parties to these proceedings are citizens of different states. 28 U.S.C. § 1332. Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

7. Venue is proper in this District, because Defendants transact business in this District, Nationstar is incorporated in this District, and a substantial part of Defendant Nationstar's conduct occurred in this District. 28 U.S.C. § 1391.

8. Venue is proper in the Northern District of Texas because substantial events giving rise to claims took place in this District due to Defendant Nationstar's incorporation in this District; the FCRA provides that "an action to enforce any liability created under this title ... may be brought in any appropriate United States district court." 15 U.S.C. § 1681p.

## IV.  FACTUAL ALLEGATIONS

9.  In March 2006, Plaintiff secured a mortgage for his home at 3623 Lakeshore Drive, Winnebago, Winnebago County, Illinois 61088 with Nationstar.

10.  On or about 2015, Plaintiff filed for Chapter 7 bankruptcy.

11.  On or about 2015, Plaintiff was discharged from bankruptcy, reaffirmed the mortgage account, and continued to make regular monthly payments since that time.

12.  A copy of Plaintiff's Reaffirmation Agreement is attached hereto as Exhibit "A" and incorporated herein by reference.

13.  The Reaffirmation Agreement was executed, on Nationstar's side, by a Bankruptcy Manager with an address provided in Dallas, Texas.

14.  Sometime in June 2019, Plaintiff requested and received a copy of his credit report assembled, evaluated, and disbursed by Equifax and noticed that his Nationstar mortgage account was reporting inaccurately.

15.  A copy of Plaintiff's Equifax Credit Report dated June 27, 2019 is attached hereto as Exhibit "B" and incorporated herein by reference.

16.  Plaintiff noticed that within the Equifax credit report, his Nationstar mortgage account was reporting a latest status "Included in Bankruptcy" with "No payment history." Within the remarks, the report notes "Bankruptcy chapter 7" and "Bankruptcy discharged," all despite the fact Plaintiff executed a Reaffirmation Agreement on his mortgage.

17.  To the extent Equifax reported information it obtained from Nationstar, upon information and belief, that information was reported to Equifax from Nationstar's principal place of business. In the alternative, if the information was not reported from Nationstar's principal place

of business, upon information and belief Plaintiff's Nationstar records were kept at its principal place of business in north Texas.

18. On or about July 16, 2019, Plaintiff disputed the reporting of the Nationstar mortgage account with Equifax directly. Plaintiff requested that under the FCRA, Equifax conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar mortgage account, specifically highlighting for Equifax that his mortgage was not included in his bankruptcy.

19. Equifax responded to Plaintiff's dispute on or about August 12, 2019.

20. A copy of Equifax's response letter dated August 12, 2019 is attached hereto as Exhibit "C" and incorporated herein by reference.

21. In its response letter to Plaintiff ("Equifax's Response Letter"), Equifax simply provided Plaintiff's consumer credit report for which Equifax stated, "Please help us in achieving even greater accuracy by reviewing all of the enclosed material carefully." This is followed by instructions on how to initiate an investigation. Equifax utterly failed to conduct any meaningful reinvestigation into the Nationstar tradeline that Plaintiff disputed. Instead, it followed an unreasonable procedure and unlawfully shifted the burden of the investigation—which Plaintiff had *already* initiated—back to Plaintiff.

22. The Nationstar tradeline in Plaintiff's consumer credit report still reported as "Included in Bankruptcy." Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Nationstar mortgage account.

23. Upon the Plaintiff's request to Equifax for verification and addition regarding the

Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims, or evidence. Further, Equifax did not make any attempts to substantially or reasonably verify the Nationstar reporting lines.

24. In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar at its principal place of business, and Nationstar failed to conduct a lawful investigation. Alternatively, Nationstar, at its principal place of business, reaffirmed and continued to furnish to Equifax incorrect, misleading, and damaging information about Plaintiff's mortgage account.

## V. GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

25. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

26. Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff. Equifax's procedures resulted in the inaccurate reporting of Plaintiff's mortgage as included in bankruptcy, despite an executed reaffirmation agreement. Its policies were unreasonable, at a minimum, of confirming a standard practice and either relying on inaccurate information from a furnisher and/or not having a robust enough set of policies and procedures to confirm the existence of a reaffirmation agreement.

27. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b)

(emphasis added).

28.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness. Equifax provided its inaccurate report to at least six credit card companies, three auto financers, three charge account furnishers, one personal loan furnisher and servicer, and one rental property.

29.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, higher APR credit card rates, higher auto loan rates, higher charge account APR rates, and higher personal loan interest rates than his creditworthiness would have allowed, *but for* Nationstar and Equifax's inaccurate reporting, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having higher interest rates and financial burdens than his creditworthiness would have allowed, but for Nationstar and Equifax's inaccurate reporting. He also suffered the lost benefit he would have gained since June 2018 when he was denied a rental property.

30.     Equifax's conduct, actions, and/or inactions, were willful and reckless, because under a reasonable reading of the FCRA, Equifax's failure to have policies and procedures in place to accurately confirm the existence of a reaffirmation agreement on a mortgage account it was reporting as "included in bankruptcy" was a clear violation of § 1681e(b). Further, in failing to have policies and procedures in place to accurately determine the existence of a reaffirmation agreement, Equifax ran a substantially greater risk of violating the FCRA than of being merely careless. These failures, willful as they are, render Equifax liable to Plaintiff for punitive damages in an amount to

be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

31. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

32. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

33. Equifax violated 15 U.S.C. § 168li on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation and instead redirecting the burden of such an investigation onto Plaintiff, failing to forward all relevant information to Nationstar, Inc. as required by the FCRA, failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and/or relying upon verification from a source it has reason to know is unreliable, namely Nationstar.

34. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials. Plaintiff has suffered particularly in light of his denials and interest rates higher than his creditworthiness deserves, but for Equifax's violations of the FCRA, and is prohibited from benefiting from his creditworthiness following Equifax's unwillingness to update his account to be accurate.

35. Equifax's conduct, actions, and/or inactions, were willful and reckless, because under a reasonable reading of the FCRA, Equifax's failure to even perform any reinvestigation of Plaintiff's disputed information—instead opting to simply provide his credit file and shift the onus of *again* initiating a dispute onto Plaintiff—was a clear violation of § 1681i. Further, simply not conducting any meaningful reinvestigation into Plaintiff's disputed information, Equifax ran a substantially greater risk of violating the FCRA than of being merely careless. These failures, willful as they are, render Equifax liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

36. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**COUNT III – NATIONSTAR'S VIOLATION OF THE FCRA**
**(15 U.S.C. §1681s-2(b))**

37. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify, delete, and/or block the information.

38. Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar representation within Plaintiff's credit file with Equifax without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the

Nationstar representation, failing to accurately respond to Equifax, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar representations to the consumer reporting agencies.

39. Upon information and belief, Nationstar reported this information from its principal place of business in north Texas.

40. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, higher APR credit card rates, higher auto loan rates, higher charge account APR rates, and higher personal loan interest rates than his creditworthiness would have allowed, *but for* Nationstar and Equifax's inaccurate reporting, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having higher interest rates and financial burdens than his creditworthiness would have allowed, but for Nationstar and Equifax's inaccurate reporting. He also suffered the lost benefit he would have gained since June 2018 when he was denied a rental property.

41. Nationstar's conduct, action, and inaction, were willful and reckless, because under a reasonable reading of the FCRA, Nationstar's failure to even perform any reinvestigation of Plaintiff's disputed information—instead opting to simply continue providing inaccurate and misleading information about Plaintiff's mortgage account—was a clear violation of § 1681s-2(b). Further, simply not conducting any meaningful investigation into Plaintiff's disputed information, Nationstar ran a substantially greater risk of violating the FCRA than of being merely careless. These failures, willful as they are, render Nationstar liable for actual or statutory, and punitive

damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### COUNT IV – NATIONSTAR'S DEFAMATION OF PLAINTIFF

42. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

43. Nationstar defamed Plaintiff by knowingly publishing false representations to Equifax, with the knowledge that such publication through the CRA it would reach all of Plaintiff's potential lenders. Nationstar knowingly published this false information on multiple occasions, including, but not limited to, the occasions which formed the basis of Equifax's dispute response to Plaintiff made subject of this litigation.

44. Nationstar's published false representations originated from records kept in its principal place of business in north Texas.

45. Nationstar's defamation was willful and was done with malice. Nationstar did not have any reasonable basis to report the status and line items in Plaintiff's credit report the way it did. It also had substantial information, time, and opportunity to verify that Plaintiff's credit reports were reporting accurately. Further, even if Nationstar would attempt to plead ignorance, it had all the evidence and information with which to confirm and recognize the Plaintiff had successfully executed a reaffirmation agreement and accordingly his Nationstar mortgage was not included in his Chapter 7 bankruptcy.

46. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, higher APR credit card rates, higher auto loan rates, higher

charge account APR rates, and higher personal loan interest rates than his creditworthiness would have allowed, *but for* Nationstar's defamation, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and having higher interest rates and financial burdens than his creditworthiness would have allowed, but for Nationstar's defamation. He also suffered the lost benefit he would have gained since June 2018 when he was denied a rental property.

47.   Nationstar defamed Plaintiff with a willful, deliberate, intentional, and/or reckless disregard for Plaintiff's interests and rights to justify an award of punitive damages against Nationstar in an amount to be determined by the Court.

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

48.   Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

49.   Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including

Texas.

50. Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

51. The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

52. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

53. Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

54. Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

55. Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

WHEREFORE PREMESIS CONSIDERED, Plaintiff, John Nunez, prays that this Honorable Court:

A.  Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services, LLC, and Nationstar Mortgage, LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

B.  Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C.  Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D.  Order that CRA Defendant Equifax Information Services, LLC, and Furnisher Defendant, Nationstar Mortgage, LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

E.  Grant such other and further relief, in law or equity, to which Plaintiff might show he is justly entitled.

    Respectfully submitted,

    */s/ Matthew P. Forsberg*
    Matthew P. Forsberg
    MN State Bar Number 0400067
    Matt@FieldsLaw.com
    FIELDS LAW FIRM
    9999 Wayzata Blvd.
    Minnetonka, Minnesota 55305
    (612) 383-1868 (telephone)
    (612) 370-4256 (fax)

    */s/ Timothy C. Schurmann*
    Timothy C. Schurmann
    TX State Bar Number 24081276
    Tim@FieldsLaw.com
    FIELDS LAW FIRM
    701 Commerce Street, Suite 602
    Dallas, Texas 75202
    (612) 383-1867 (telephone)
    (612) 370-4256 (fax)

    COUNSEL FOR PLAINTIFFS

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

| | |
|---|---|
| December 12, 2019 | */s/ Matthew P. Forsberg* |
| Date | Matthew P. Forsberg |